IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| CHATORA JOHNSON<br>5901 48th Avenue<br>Riverdale, Maryland 20737 | * <br> * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No.: |
| COLLABERA, INC.<br>25 Airport Road<br>Morristown, New Jersey 07960 | * <br> * | |
| *Defendant*. | * | |

\* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ChaTora Johnson, by and through her undersigned counsel, files this complaint against Defendant Collabera, Inc. for violating federal anti-discrimination law that requires it to provide equal opportunity to people with disabilities. She alleges as follows:

### I.   INTRODUCTION

1. Plaintiff ChaTora Johnson has considerable administrative work experience. She also has retinitis pigmentosa, an eye disorder that causes visual impairment.

2. Despite having offered Ms. Johnson a job interview, Defendant Collabera, Inc. (hereinafter "Collabera") rescinded that interview offer after learning of Ms. Johnson's visual impairment.

3. Ms. Johnson brings this action against Defendant to remedy discrimination on the basis of disability in regard to job application procedures, hiring, and other terms, conditions, and

privileges of employment under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12122(a) ("ADA").

4. Ms. Johnson seeks declaratory relief, compensatory damages, attorneys' fees and costs, and other appropriate equitable and legal relief.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Ms. Johnson's claims under 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the unlawful practices complained of herein occurred within the District of Maryland.

## III. PARTIES

7. Ms. Johnson is a resident of Riverdale, Maryland. Because she has retinitis pigmentosa, a progressive eye disorder that causes visual impairment, Ms. Johnson is an individual with a disability within the meaning of Title I of the ADA, as defined by 42 U.S.C. §12102. Because she was able to apply for and perform the job for which she applied with a reasonable accommodation, Ms. Johnson is a qualified individual with a disability as that term is used in the ADA, 42 U.S.C. § 12111(8).

8. Collabera, located at 25 Airport Road, Morristown, New Jersey, 07960, is an information technology staffing and recruiting company with more than fifteen (15) employees and as such, is an employer covered by 42 U.S.C. § 12111(5)(A).

## IV. FACTUAL CLAIMS

9. At all times relevant to this action, Ms. Johnson was and is a qualified individual with a disability for the purposes of the ADA because she has retinitis pigmentosa and is

significantly limited in the major life activity of seeing and able to perform the essential functions of the application and the job for which she applied with reasonable accommodation.

10. Ms. Johnson has considerable administrative work experience. She uses Zoom Text, enlarged font, and text-to-speech programs to read text on a computer and other digital devices.

11. In the fall of 2016, Ms. Johnson posted her resume on Monster.com and Indeed.com in an effort to find suitable employment.

12. On or about October 1, 2016, Myka Mercado, a technical recruiter for Collabera, emailed Ms. Johnson. Ms. Mercado had reviewed Ms. Johnson's resume on Indeed.com and asked Ms. Johnson if she was interested in a Reimbursement Counselor/Benefits Verification Specialist (hereinafter "BVS") position located in Rockville, Maryland.

13. The BVS position was advertised as "URGENT HIRING" for a six-month initial contract at a pay rate of $17 per hour with the possibility of an extension.

14. On or about October 2, 2016, Ms. Johnson replied to Ms. Mercado's email and expressed her interest in the BVS position. Ms. Johnson stated that she would contact Ms. Mercado the next day to discuss the position in more detail.

15. On or about October 3, 2016, Ms. Johnson called Ms. Mercado and they spoke over the phone about the BVS position. Ms. Mercado explained that the position was for the company AmeriSource. She invited Ms. Johnson to interview for the position on either Thursday, October 6, 2016, or Friday, October 7, 2016.

16. Ms. Mercado also told Ms. Johnson that Collabera had several positions that they needed to fill and encouraged Ms. Johnson to refer qualified friends to apply for these positions.

17.     Ms. Johnson asked Ms. Mercado if Collabera hires individuals with disabilities. Ms. Mercado said Collabera does hire individuals with disabilities as long as they are otherwise qualified for the position.

18.     Ms. Mercado informed Ms. Johnson that, following her interview for the BVS position, she would need to take a computerized exam.

19.     Ms. Johnson then informed Ms. Mercado that she has a visual disability and requested accommodations for the exam.

20.     After Ms. Johnson disclosed her disability, Ms. Mercado's tone changed. She said that would have to speak with the hiring manager to discuss the accommodations but stated that it should not be a problem to accommodate Ms. Johnson's disability.

21.     The following day, Ms. Johnson received an email from Ms. Mercado that stated, in part: "Thank you for taking your time to discuss this job opportunity with me yesterday.  I also appreciate you opening up to me about your visual disability.  I have discussed this with my hiring manager and considering all the factors such as your experience, we have decided to put your resume in our active files for the meantime for other related openings.  We have also received info earlier today that the position has been put on hold since earlier candidates are prioritized for their interviews."

22.     The job announcement for the BVS position remained on Collabera's website.

23.     Ms. Johnson asked her friend, Melanie Rose, to apply for the BVS position.  Ms. Rose applied for the position on Collabera's website.

24.     On or about October 6, 2016, Ms. Rose received a call from a recruiter for Collabera who invited Ms. Rose to interview for the BVS position and stated that, at that time, Collabera still had 50 of 100 job openings to fill.

25. On or about December 22, 2016, Ms. Johnson filed a charge of discrimination with the Maryland Commission on Civil Rights ("MCCR") and the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on disability and retaliation. The charge was perfected on June 23, 2017. *See* Exhibit A.

26. A fact-finding conference was scheduled by the MCCR on August 28, 2017. While Ms. Johnson attended the fact-finding conference with her counsel and Ms. Rose, no representatives from Collabera appeared.

27. The MCCR continued to investigate Ms. Johnson's complaint but did not resolve her complaint within 180 days of its filing.

28. On or about November 22, 2019, the EEOC issued a Notice of Right to Sue letter to Ms. Johnson. *See* Exhibit B.

29. Since Collabera rescinded the interview for the BVS position, Ms. Johnson has sought and continues to seek comparable employment. She did obtain employment for a period of time, but it paid at a rate lower than the $17 per hour advertised for the BVS position.

**COUNT ONE**
*Violation of Title I of the Americans with Disabilities Act*
**(42 U.S.C. § 12112)**

30. Plaintiff incorporates by reference all allegations of fact maintained in the previous paragraphs.

31. Because her visual impairment substantially limits the major life activity of seeing, Ms. Johnson is a person with a disability under the ADA.

32. Ms. Johnson also has a record of her visual impairment, caused by retinitis pigmentosa.

33. Ms. Johnson is a qualified candidate for the BVS position because she could have, with reasonable accommodation, completed the hiring exam and performed the essential functions of the position. Ms. Johnson has considerable experience performing the essential functions of administrative work.

34. Collabera rescinded Ms. Johnson's offer to interview for the BVS position because she has a visual impairment, thereby engaging in disparate treatment against her on the basis of her disability, in violation of Title I of the ADA.

35. Collabera's failure or refusal to provide Ms. Johnson with accommodations for the hiring exam violated Title I of the ADA. *See* 42 U.S.C. § 12112(b)(5)(A)-(B).

36. Collabera's rescission of its interview offer based on Ms. Johnson's need for accommodation violated Title I of the ADA. *See* 42 U.S.C. § 12112(b)(5)(B).

37. Collabera's decision to rescind Ms. Johnson's offer to interview for the BVS position without suggesting any alternative accommodation violated Title I of the ADA.

38. Collabera's discrimination harmed Ms. Johnson, causing her economic damages and emotional distress.

39. Collabera's discrimination against Ms. Johnson was intentional and/or with reckless disregard for the law, and Collabera is thus liable for punitive damages.

## COUNT TWO
*Retaliation in Violation of the Americans with Disabilities Act*
**(42 U.S.C. § 12203)**

40. Plaintiff incorporates by reference all allegations of fact maintained in the previous paragraphs.

41. Collabera interfered with Ms. Johnson's exercise of her right to request a reasonable accommodation when it rescinded its offer to interview for the BVS position because Ms. Johnson requested accommodations for the interview exam.

42. Collabera's interference with Ms. Johnson's rights under the ADA constitutes retaliation in violation of the ADA.  *See* 42 U.S.C. § 12203.

43. Collabera's retaliation harmed Ms. Johnson, causing her economic damages and emotional distress.

44. Collabera's retaliation against Ms. Johnson was intentional and/or with reckless disregard for the law, and Collabera is thus liable for punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ChaTora Johnson respectfully requests that this Court enter a judgment:

1. Declaring that Collabera has discriminated against Ms. Johnson on the basis of her disability in violation of the ADA;

2. Awarding compensatory damages;

3. Awarding punitive damages;

4. Awarding reasonable attorneys' fees and costs; and

5. Awarding such other and further relief as it deems necessary, just, and proper.

Dated: February 21, 2020

Respectfully submitted,

_____
Jean M. Zachariasiewicz (Fed. Bar No. 19734)
BROWN, GOLDSTEIN & LEVY LLP
120 E. Baltimore Street, Suite 1700
Baltimore, Maryland 21202
T: (410) 962-1030
F: (410) 385-0869
jmz@browngold.com

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff ChaTora Johnson demands a trial by jury on all causes of action so triable.

_____
Jean M. Zachariasiewicz